IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

---

DOMINGO MARTINEZ, PRO SE
Petitioner

Vs. Case No. : 1:01CR00082-01T

UNITED STATES OF AMERICA,
Respondent.

X

MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2) AND UNITED STATES SENTENCING GUIDELINES § 1B1.10; AMENDMENT 706 EFFECTIVE MARCH 03, 2008 CONCERNING COCAINE BASE " CRACK ".

---

Honorable Judge :

NOW COMES the Petitioner, Domingo Martinez, by and through Pro Se, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3582(c)(2) and 1B1.10 of the Sentencing Guidelines, to reduce his sentence based upon the Amendment 706 to 2D1.1(c) of the Sentencing Guidelinees which becomes effective March 03, 2008; lowering the offen-se level for the cocaine base " crack " by TWO LEVEL.

In support thereof, Petitioner states as follows:

1- Around October, 2001 Petitioner pled guilty and on January 25, 2002 was sentenced to a term of emprisonment of 135 months by this Honorable Court in Count ( I ) 21 U.S.C. § 846 Count ( II ) 21 U.S.C. § 841(A)(1)(B)(1) Count (III) 21 U.S.C. § 841(A)(1)(B)(1) and Count (IV).

2- Pursuant to the Plea Agreement entered into between the United States Attorney and the Petitioner, the Presentence Report as adopted by this Court in the Judgement entered in this action, the base offense level applicable to Petitioner because he participated in the distribution of at least 191.08 grm of cocaine base " crack ", and 5.335 Kg of cocaine. For Guidelines calculation purposes, Martinez is accountable pursuant to 2D1.1(c)(3) in the offenses involving at least 3,000 Kg of marihuana, but less than 10,000 Kg of marihuana and have an offense level of (34).

3- Effective March 03, 2008 the Section 2D1.1 of the Sentencing Guidelines is amendend by lowering the basic level foe cocaine base " crack " of TWO-LEVEL.

4- That as established under § 1B1.10 of the Sentencing Guidelines, the commission's decision on December 11, 2007 is to applied retroactively.

5- That under the new Guidelines, the basic level for Petitioner's offense is as followed. Determinig base offense level in offenses involving cocaine base " crack " and other controlled substances. The marihuana equivalency for 191.08 grm of cocaine base " crack ", for level (34) is 6.0 Kg of marihuana. The cocaine base " crack " converts to an equivalent of ( 191.08 grm X 6.0 Kg = 1,146.48 Kg of marihuana ), the cocaine converts to an equivalent of ( 5.335 Kg X 200 grm = 1,067 Kg of marihuana ). Adding the quantities of marihuana of the two controlled substances results in a combined quantity of 2,213.48 Kg of marihuana. Pursuant to 2D1.1(C)(4) in offenses involving at least 1,000 Kg of marihuana, but less than 3,000 Kg of marihuana and have an offense level of (32).

6- Therefore, Petitioner Domingo Martinez is entitled to be resentence under the retroactively applied amendment.

7- That at the original sentence, Petitioner's offense level was reduced by three (3) levels for acceptance of responsability ( U.S.S.G. § 3E1.1 ).

8- No other factor are presented justifying any other changes in the computation of the Petitioner's adjusted offense level.

9- That after the appropriate adjustments are calculated, the new offense level will be (29).

10- That the Petitioner's criminal history computatin remains the same, as computed in the original PSR.

11- That the appropriate Guidelines range for an offense level (29) will be ( 108 - 135 ) months.

12- That if this Honorable Court maintains it's position and imposes the lower end of the new Guidelines range, Petitioner's sentence will be 108 months.

13- That under existing computation of the Bureau of Prison, Petitioner's current release date is projected for April 30, 2011.

14- Petitioner wants this Court to know that at the end of his sentence he is gona be deported to Dominican Republic, making the danger to society an impossibility.

15- Petitioner wants this Court to know that in the almost seven (7) years in jail, he has worked hard and has do every effort avalible to rehabilitate himself to becomes a better person, a better father, and a better member of society.

**CONCLUSION**

Wherefore, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to reduce the Petitioner's sentence and enter a new Judgement in this criminal case, reflecting the change in the Petitioner's sentence, and any other and further relief which this Honorable Court deems just and fair.

Respectfully Submitted

Domingo Martinez

Domingo Martinez, Petitioner

Dated : 3-18-2008

## CERTIFICATE OF FILLING AND SERVICE

I HEREBY DECLARE pursuant to 28 U.S.C. § 1746, an original and true and correct copies of the foregonig " PETITION TO CORRECT SENTENCE " were filed with the Clerk of the by prepaid first class U.S. mail in sealed envelope addressed to :

Office of the Clerk
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
ONE EXCHANGE TERRACE, ROOM 119
PROVIDENCE, RI 02903

Served to :

Honorable Ernest Torres
U.S. District Judge
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
ONE TERRACE EXCHANGE
PROVIDENCE, RI 02903

Served to :

Mary Rogers, AUSA
Office of the District Attorney
Federal Building

By placing them in the mailing system of CCA-NEOCC, 2240 Hubbard rd. Youngstown, Ohio 44505, on March 18, 2008, pursuant to HOUSTON VS. LACK, 487 U.S. 266, 270 ( 1988 ).

BY : [signature]

Domingo Martinez
Reg # 05035-070
NEOCC
2240 Hubbard rd.
Youngstown, Ohio 44505