**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 01-82-1T |
| | ) | |
| JOSE CORREA | ) | |

**UNITED STATES RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2) AND THE UNITED STATES SENTENCING GUIDELINES § 1B1.10 AMENDMENT 706 EFFECTIVE MARCH 3, 2008 CONCERNING COCAINE BASE "CRACK"**

Defendant, Jose Correa, a/k/a Domingo Martinez, has submitted a request for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The United States agrees that defendant is eligible for a modification of his sentence Pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the United States Sentencing Commission Guidelines Manual. However, the amount of defendant's sentence reduction is limited by the mandatory minimum sentence of 10 years which is applicable to three of his four counts of conviction. 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A). In particular, defendant was convicted of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation o f 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846 (Count 1), attempt to possess with intent to distribute 5 kilograms or more of cocaine, in violation o f 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846 (Count 2), possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846 (Count 3), and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846 (Count 4).

Discussion

Defendant's original guideline calculation was as follows:

Total Offense Level 31

Criminal History Category III

135 to 168 months imprisonment

5 years supervised release on Counts 1-3

3 years supervised release on Counts 4

$ 15,000 to $ 13,000,000 fine.

Defendant was sentenced on January 25, 2002, at the low end of the guideline rage to 135 months imprisonment. Defendant's revised guideline calculation renders a total offense level of 29 and guideline rage of 108 to 135 months imprisonment. In his motion, defendant agrees that his modified offense level is level 29.

However, the mandatory minimum sentence applicable to Counts 1 through III in this case is 10 years. Accordingly, defendant's restricted guideline range is 120 to 135 months. 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A).[1]

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if

---

[1] Defendant's conviction on Count 4 was for possession with intent to distribute cocaine. Although not subject to the mandatory minimum, all counts were grouped in order to determine the base offense level. Even if the Court were to sentence the defendant to the low end of the guideline range on Count 4 (108 months), the mandatory minimum would be applicable on Counts 1 through 3 nonetheless.

> such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. .

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[3] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

[3] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. See also § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997). Courts have unanimously applied the same rule in addressing motions based on the crack amendments. See, e.g., United States v. Urquhart, 2008 WL 829670 (E.D. Ark. Mar. 26, 2008); United States v. Powell, 2008 WL 647549 (D.D.C. Mar. 6, 2008); United States v. Goodman, 2008 WL 616100 (M.D. Fla. Mar. 3, 2008); United States v. Griggs, 2008 WL 750564 (M.D. Pa. Mar. 19, 2008); United States v. Hughes, 2008 WL

728364 (W.D. Pa. Mar. 18, 2008); United States v. Moses, 2008 WL 655993 (W.D. Pa. Mar. 5, 2008); United States v. Wright, 2008 WL 732167 (D.S.C. Mar. 17, 2008); United States v. Brown, 2008 WL 867882 (D.S.C. Mar. 27, 2008); United States v. Daniels, 2008 WL 892692 (W.D. Va. Mar. 28, 2008); United States v. Parris, 2008 WL 657401 (W.D. Va. Mar. 5, 2008); United States v. Herndon, 2008 WL 723780 (W.D. Va. Mar. 13, 2008); United States v. Hawkins, 2008 WL 901554 (E.D. Wash. Mar. 31, 2008); United States v. Howell, 2008 WL 687112 (S.D. W. Va. Mar. 12, 2008). Therefore, the modification to defendant's sentence on Counts 1 through 3 should be limited to 120 months imprisonment.[4]

Conclusion

The United States concurs that defendant's sentence may be modified. However, the United States respectfully requests that the Court limit the modification to defendant's sentence on Counts 1 through 3 to 120 months imprisonment.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

[4] According to the modified pre-sentence report, defendant's conduct while imprisoned reveals that defendant had an incident report on February 18, 2003 for Phone Abuse. The United States is not seeking to limit the modification to defendant's sentence in light of this incident.

CERTIFICATION

I hereby certify that on the 10th day of April, 2008, I electronically filed, as well as served by ordinary mail, postage prepaid, the United States Response To Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(C)(2) And The United States Sentencing Guidelines § 1B1.10 Amendment 706 Effective March 3, 2008 Concerning Cocaine Base "Crack", to:

Domingo Maratinez
Reg. No. 05035-070
NEOCC
2240 Hubbard Road
Youngstown, Ohio 44505

/s/ Mary E. Rogers

Mary E. Rogers
Assistant U. S. Attorney
RI Bar No.3107
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
mary.rogers@usdoj.gov